**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GARY DREW FORD,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL NO. 09-3059** |
| | : | |
| | : | |
| **ANGELO L. MARTINEZ, et al.,** | : | |
| **Defendants.** | | |

**O R D E R**

**AND NOW**, this 1st day of October, 2009, upon consideration of Plaintiff's *pro se* "Motion to Release Jurisdiction" (Doc. No. 22), *pro se* "Request for Declaratory Judgment" (Doc. No. 23), and *pro se* "Request for Hearing" (Doc. No. 28) it is **ORDERED** that Plaintiff's Motion and Requests are **DENIED** as follows:

1. On September 4, 2009, Plaintiff filed a "Motion to Release Jurisdiction." (Doc. No. 22). Defendants filed a Response to Plaintiff's Motion on September 10, 2009. (Doc. No. 25). Plaintiff asks me to transfer this matter to the Pennsylvania Commonwealth Court, relying on 28 U.S.C. 1404(a). Plaintiff's request is without any legal basis. A federal court may remand a case originally filed in state court back to state court; it has no authority to "transfer" any other federal matter to state court. See 28 U.S.C. 1404(a). If Plaintiff wishes to proceed in the Commonwealth Court, he apparently is free to file a new complaint there. Because I am without authority to grant the relief Plaintiff seeks, I must **DENY** his Motion to Release Jurisdiction. (Doc. No. 22).

2. On September 9, 2009, Plaintiff filed a "Request for Declaratory Judgement." (Doc. No. 23). This Request appears to be a restatement of the claims and requests for relief in his Complaint. (Doc. No. 1 at ¶223). Because the Request for Declaratory Judgment is thus redundant and unnecessary, I will **DENY** the Request, without prejudice to the claims and

requests for relief in Plaintiff's Complaint.

3.  I will also **DENY** Plaintiff's "Request for Hearing." (Doc. No. 28).


AND IT IS SO ORDERED.


*/s Paul S. Diamond*
_____
**Paul S. Diamond, J.**